UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| | : | CIVIL CASE NO. |
| | : | 16-CV-1773 (JCH) |
| IN RE: TOOR | : | |
| | : | |
| | : | MAY 1, 2017 |
| | : | |

## RULING RE: DEBTOR'S APPEAL

**I.  INTRODUCTION**

Muhammad J. Toor ("Toor") filed this Appeal (Doc. No. 1) from an Order of the United States Bankruptcy Court for the District of Connecticut ("Bankr. Order"). The Order granted appellee Eastern Savings Bank, FSB's ("ESB") Motion for Clarification of the Bankruptcy Court's prior Order, which prior Order granted relief from the automatic stay as to the property at 8-10 Sunshine Avenue, Greenwich Connecticut ("the Property"). Order Granting Motion for Clarification, In re Toor (Bankr. D. Conn. Oct 12, 2016) (No. 15-51292) (Doc. No. 75). Toor argues that the Bankruptcy Court gave the Connecticut Superior Court too much latitude in permitting it to determine his debt as to the foreclosure case without reference to the bankruptcy proceedings. Brief of Appellant ("Appellant's Br.") (Doc. No. 10) at 5.

For the reasons discussed below, the Order of the Bankruptcy Court is **AFFIRMED**.

**II.  BACKGROUND**

Because the dispute before the court ultimately concerns the granting of in rem relief to the Property based on the Bankruptcy Court's finding that the Debtor's Petition

1

was part of a scheme to delay, hinder, or defraud creditors, it is necessary to lay out Toor's bankruptcy history. See 11 U.S.C. §362(d)(4). In July 2007, Toor executed a mortgage granting ESB a security interest in the Property. Brief of Appellee ("Appellee's Br.") (Doc. No. 11) at 4. The loan has been in default since September 2008. Id. On November 21, 2008, ESB commenced foreclosure proceedings in the Superior Court for the Judicial District of Stamford. Id.

On December 23, 2009, Toor's wife Shagufta Toor ("Mrs. Toor") filed for bankruptcy. Id. On March 1, 2010, ESB received relief from the automatic stay. Id. This bankruptcy was discharged on April 22, 2010. Id. Mrs. Toor filed for bankruptcy again on July 25, 2010. Id. ESB again moved for relief from the automatic stay on October 19, 2010, but the matter was dismissed due to Mrs. Toor's failure to have a plan confirmed before the Motion for Relief was ruled upon. Id. at 4-5.

On February 27, 2011, Mrs. Toor filed her third bankruptcy petition. Id. Mrs. Toor filed a Motion to Dismiss that matter after determining that she was not the owner of the equity of redemption in the Property, and therefore could not possibly reorganize under Chapter 11. Id. The Motion to Dismiss was granted on June 13, 2011. Id. Mrs. Toor then filed her fourth bankruptcy petition on July 8, 2011, two days before the impending law day on the Property. Id. Because Mrs. Toor had filed two bankruptcies that were dismissed within a twelve-month period, Mrs. Toor filed a Motion to Impose the Automatic Stay, which was granted. Id. ESB, however, was ultimately granted relief from that stay because Mrs. Toor could not confirm a plan of reorganization. Id. The fourth bankruptcy matter was ultimately dismissed on December 19, 2012. Id.

2

After the fourth bankruptcy matter had closed, the parties returned to Connecticut Superior Court to litigate the foreclosure. Id. On August 17, 2015, the Superior Court entered a Judgment of Strict Foreclosure, and scheduled the law day for September 15, 2015. Id. at 5-6. On September 14, 2015, Toor filed the bankruptcy matter underlying this appeal. Id. On June 13, 2016, the Bankruptcy Court granted ESB in rem relief on the Property, finding that Toor had engaged in a "scheme to hinder, delay, or defraud" ESB's foreclosure efforts, and that therefore the property should not be subject to the automatic stay in this or any other bankruptcy proceeding for the next two years. Order Granting Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d)(4), In re: Toor (Bankr. D. Conn. June 13, 2016) (No. 15-51292) (Doc. No. 70). That order was not appealed. See Docket, In re Toor, No. (Bankr. D. Conn.) (No. 15-51292).

After the stay was lifted with regard to the Property, ESB returned to the Connecticut Superior Court to resume the foreclosure procedure. Appellee's Br. at 7. Toor responded to ESB's Motion to Open Judgment with a Response that asked the Superior Court to restrict itself based on the existence of the bankruptcy petition. Id. This Response led the Superior Court to request that ESB return to the Bankruptcy Court to seek clarification of the Order granting in rem relief. Appellee's Br. at 6. ESB did so move, and Toor objected. Id. The Bankruptcy Court ultimately issued the Order Granting the Motion for Clarification—which is the subject of this appeal—clarifying that the in rem relief authorized the Connecticut Superior Court to determine the amount of the debt owed by the debtor in the foreclosure proceeding without reference to the bankruptcy matter. Order Granting Mot. for Clarification, In re: Toor (Bankr. D. Conn. Oct. 12, 2016) (15-51292) (Doc. No. 94). Toor then filed this appeal on October 27,

3

2016. Notice of Appeal from Bankruptcy Court (Doc. No. 1). He also filed a Motion for Reconsideration in the Bankruptcy Court. In re: Toor (Bankr. D. Conn. Nov. 18, 2016) (15-51292) (Doc. No. 114). The Bankruptcy Court rejected the Motion for Reconsideration as a meritless attempt to relitigate the issues presented in the Motion for Clarification without offering any new evidence or clear error in the original rule. Order Denying Mot. for Recons., In re: Toor (Bankr. D. Conn. Jan. 26, 2017) (15-51292) (Doc. No. 129).

For the following reasons, the decision of the Bankruptcy Court is **AFFIRMED**.

## III. STANDARD OF REVIEW

Section 158 (a)(1) of title 28 of the United States Code provides district courts with jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy judges. In a non-bankruptcy case, a final order "is one that conclusively determines the rights of the parties to the litigation, leaving nothing for the district court to do but execute the order." In re Fugazy Exp., Inc., 982 F.2d 769, 775 (2d Cir. 1992). However, in bankruptcy appeals the finality inquiry is more flexible to account for the fact that discrete claims within a bankruptcy matter may be resolved at different times during the proceeding. Id. Thus, an order is final for the purposes of appeal if it "finally dispose[s] of discrete disputes within the larger case." Id. The district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. In re Bennett Funding Grp., 146 F.3d 136, 138 (2d Cir. 1998).

## IV. DISCUSSION

In order for the court to properly have jurisdiction over this appeal, the order which is the subject of the appeal must be a final order, such that it ends a discrete dispute within the larger bankruptcy case. In re Fugazy Exp., Inc., 982 F.2d at 775.

4

Here, the underlying Order granted Clarification of an Order that clearly disposed of the bankruptcy dispute regarding the Property by removing it from the ambit of the automatic stay. See Order Granting Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d)(4), In re: Toor (Bankr. D. Conn. June 13, 2016) (No. 15-51292) (Doc. No. 70). The Motion for Clarification sought merely to clarify the scope of the lifting of the automatic stay. The court deems this Order to be a final order subject to appeal because, in so clarifying, the court determined an issue of law that affected the rights of the parties: what effect, if any, the bankruptcy proceeding should have on the pending litigation in the state foreclosure action. See North Fork Bank v. Abelson, 207 B.R. 382, 386 (E.D.N.Y. 1997) ("[A] final order in the bankruptcy court is a resolution of a particular proceeding or controversy within the entire bankruptcy proceeding or an order that irrevocably decides a dispositive issue of law or the rights of any party.").

Toor's summary of the argument presents three different arguments on appeal: (1) did the Bankruptcy Court exceed its authority in allowing the state court to make findings regarding the post-petition debt of the petitioner as to the Property; (2) did the Bankruptcy Court deprive Toor of his due process rights by holding that the present case was filed in bad faith without a hearing on the issue; and (3) did the bankruptcy court exceed its authority in preventing Toor from conducting a sale of the Property in the Bankruptcy Court, as opposed to allowing the state court to proceed with the foreclosure action. Appellant's Br. (Doc. No. 10) at 5-6. The argument section of the brief itself is only three pages. Id. at 7-10. It does not mention or provide any support for the second or third arguments at all. See id. at 7-10. The court will not consider these issues because Toor made "nary an argument on the topic[s] in [his] opening

5

brief, and therefore waive[d] the issue[s] entirely." In re Leslie Fay Cos., Inc., 222 B.R. 718, 721 n.3 (S.D.N.Y. 1998); see also, J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) (noting that arguments not made in an appellant's opening brief are waived).

Additionally, no arguments regarding Toor's due process rights were made in the original Response and Objection to the ESB's Motion for Clarification. See Debtor's Response and Objection to Movant, ESB's Mot. for Clarification, Bankr. D. Conn. 15-51292 (Doc. No. 76). The only objection raised in the original written Response was that he had not been served with the Motion until the day prior to the deadline, and he was requesting fourteen days within which to respond more fully.[1] Id. However, instead of providing a further response within fourteen days—or at any point before the hearing—Toor filed the exact same objection on October 1, 2016, four days before the hearing on the Motion. See Debtor's Response and Objection to Movant, ESB's Mot. for Clarification, In re: Toor (Bankr. D. Conn. Oct. 1, 2016) (No. 15-51292) (Doc. No. 90) (indicating that it was entered on October 1, 2016, but listing the date in the caption as August 16, 2016). Thus, although Toor had 46 days between the day he originally filed his objection and the date of the hearing in which he could have supplemented his legal arguments requesting clarification, he instead he chose to reiterate that he still "intend[ed] to try continuing to enjoy last [sic] week of vacation in Maine." See In re Toor, (Bankr. D. Conn.) (No. 15-51292) (Doc. Nos. 76, 90) at 8.

---

[1] The issue of proper service was not raised on appeal, and therefore the court will not consider it. See In re Leslie Fay Cos., Inc., 222 B.R. at 721 n.3.

6

At the hearing on October 5, 2016, Toor finally made a substantive argument against the Motion, arguing both that the Bankruptcy Court should have allowed for a bankruptcy sale and that the Bankruptcy Court had allowed the state court to award post-petition interest in violation of United Sav. Ass'n of Tex. v. Timers of Inwood Forest Assocs., 484 U.S. 365 (1988).  Tr. of Hearing, Oct. 5, 2016 Bankr. D. Conn. 15-51292 (Doc. No. 98) at 8-9, 14-15.  There was no mention of due process.  Id.  It is clear that Toor did not raise his due process argument below and as such, the court will not consider either.  See United Church v. Geltzer, 463 F.3d 218, 228 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (quoting Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005).

Toor's Brief in the instant matter discusses in substance only one argument: did the Bankruptcy Court exceed its authority by instructing the Connecticut Superior Court to proceed without reference to the bankruptcy proceeding.  Appellant's Br. at 7-10.  This is a legal question, and therefore reviewed de novo.  In re Bennett Funding Grp., 146 F.3d 136, 138 (2d Cir. 1998).  Toor argues the Bankruptcy Court erred in allowing the foreclosure case to proceed without reference to the bankruptcy court.  Appellant's Br. at 9.  This argument misunderstands fundamental principles of procedure.  The underlying Order did not address post-petition interest; rather it concerned the scope of relief from the automatic stay.  See Tr. of Hearing, In re Toor, (Bankr. D. Conn. Oct. 5, 2016) (No. 15-51292) (Doc. No. 98) at 14 ("Mr. Yost: What about the post-petition interest under Timbers of Inwood Forest argument? The Court: I don't think that's before me.").

7

Although it is true that section 506(B) of title 11 of the United States Code and Timbers of Inwood Forest do generally stand for the proposition that an undersecured creditor cannot recover post-petition interest and fees beyond the value of the underlying security, that principle is not relevant to the scope of relief from the automatic stay. Cf. Timbers of Inwood Forest, 484 U.S. at 372-73 (acknowledging that § 506 denies undersecured creditors post-petition interest on their claims in Bankruptcy Court, without mention of relief from the automatic stay). The posture of the current case concerns the effect of the lifting of the automatic stay as to the Property under section 362(d)(4) of title 11 of the United States Code. The effect of the lifting of the stay is self-evident: it allows the stayed matter to proceed. Toor offers no support for the proposition that the stay also forces the state court to incorporate the bankruptcy code into its foreclosure proceeding, and the court sees no reason for doing so.

The cases cited by Toor do not support his argument. The decision in In re National Computer Communications Corp. is focused on whether § 506(b) prevents the allowance of reasonable interim fees to a secured creditor's counsel which can be awarded by the Bankruptcy Court, not whether the § 506 should apply to property outside of bankruptcy proceedings. See 85 B.R. 6, 7 (Bankr. D. Conn. 1988). Similarly, the decision in In re Pine Lake Village Apartment was considering whether a mortgagee's adequate protection must include protection for post-petition interest. 19 B.R. 819, 828 (Bankr. D. Conn. 1982). Toor's argument that the Bankruptcy Court erred in allowing the foreclosure to proceed without reference to the Bankruptcy proceeding is without merit.

## V. CONCLUSION

For the foregoing reasons, the court has determined that the Bankruptcy Court's Order Granting the Motion for Clarification was proper. Therefore, the Order of the Bankruptcy Court is **AFFIRMED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 1st day of May, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge